# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 8983 | **DATE** | 3/12/2012 |
| **CASE TITLE** | JASON CRUMP v. DORMA AUTOMATICS, INC. | | |

**DOCKET ENTRY TEXT**

Status hearing and hearing on motion to dismiss held on March 12, 2012. Parties fail to appear. Defendant's motion to dismiss [7] is granted. **SEE BELOW FOR DETAILS.**

*/s/ Suzanne B. Conlon*

■ [For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Jason Crump sues his former employer, Dorma Automatics, Inc. ("Dorma Automatics"), alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. Dorma Automatics moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing the court's disposition in Crump's previous suit, 11-cv-1299 ("*Crump I*"), bars the current suit ("*Crump II*") under the doctrine of *res judicata*.

The relevant details of *Crump I* are as follows. On February 24, 2011, Crump filed a complaint identical to that later filed in *Crump II*. *Crump I*, Dkt. 1. On April 18, 2011, the court directed the parties to submit a joint written status report by June 6, 2011. *Id.*, Dkt. 9. This report was never filed and, on July 11, 2011, the court dismissed the case with prejudice for want of prosecution. *Id.*, Dkt. 13-14.

Under federal law, *res judicata* requires: 1) an identity of the parties or their privies, 2) an identity of the causes of action, and 3) a final judgment on the merits. *Highway J Citizens Group & Waukesha County Envtl. Action League v. United States Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). Crump argues that the application of *res judicata* is precluded by the Illinois savings statute, which provides, in part, that: "In the actions . . . where the time for commencing an action is limited . . . if the action is dismissed for want of prosecution . . . the plaintiff . . . may commence a new action within one year or within the remaining period of limitation, whichever is greater . . ." 735 ILCS 5/13-217.

Because the disposition in *Crump I* occurred in a federal court, Crump's reliance on 735 ILCS 5/13-217 is misguided. The preclusive effect of a federal court's judgment in a suit based on federal law is determined by federal law. *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-08 (2001). In federal

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

court, unlike in Illinois, a dismissal for want of prosecution is a dismissal with prejudice, unless otherwise stated. *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 607 (7th Cir. 1989). When a federal court resolves a federal claim, a state statute cannot authorize relitigation of the claim. *Rodriguez v. Cook County, Ill., et al.*, 664 F.3d 627, 629 (7th Cir. 2011). For these reasons, Crump's citation to *Harl v. City of LaSalle*, 679 F.3d 123 (7th Cir. 1982), is inapposite. In *Harl*, the initial suit was decided by the Circuit Court of Illinois, rather than a federal court. *Id.* at 124.

The complaints in *Crump I* and *Crump II* are identical, and therefore there is an identity of the parties as well as the causes of action. Under federal law, *Crump I* was decided on the merits when it was dismissed with prejudice for want of prosecution. Because *res judicata* bars *Crump II*, the motion to dismiss is granted.

*Suzanne B. Conlon*